Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000566
07-JUN-2018
07:47 AM

NO. CAAP-16-0000566

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
CHRISTOPHER HIRAM HIMAN, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-CR. NO. 14-1-0128)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge and Chan, J. with
Ginoza, C.J., concurring and dissenting separately)

Defendant-Appellant, Christopher Hiram Himan, Jr.
(Himan), appeals from the "Judgment Guilty Conviction and
Sentence" (Judgment), entered July 19, 2016, and the "Findings of
Fact, Conclusions of Law, and Order Denying Defendant's Motion to
Dismiss for Violation of [Hawaiʻi Rules of Penal Procedure
(HRPP)] Rule 48, and for Unconstitutional Violation of Speedy
Trial Rights" (Order Denying Motion to Dismiss) entered on
July 27, 2016, by the Family Court of the Third Circuit (family
court).[1]  The family court convicted Himan of Violation of an
Order for Protection and Harassment by Stalking, in violation of
Hawaii Revised Statutes (HRS) §§ 586-11 and 711-1106.5.  Prior to
Himan's conviction, the family court denied his Motion to Dismiss
For Violation of HRPP Rule 48, and for Unconstitutional Violation
of Speedy Trial Rights (Motion to Dismiss).

---

[1]  The Honorable Lloyd Van De Car presided.

On appeal, Himan contends that the family court erred when it denied his Motion to Dismiss, specifically that the family court improperly calculated the seventy-day period between September 16, 2015 and November 25, 2015, and the forty-eight-day period between February 3, 2016 and March 23, 2016, as excludable periods pursuant to HRPP 48(c)(3).[2]

The appellate court reviews a trial court's denial of a Hawai'i Rules of Penal Procedure (HRPP) Rule 48 motion to dismiss under both the "clearly erroneous" and "right/wrong" tests:

> A trial court's findings of fact (FOFs) in deciding an HRPP 48(b) motion to dismiss are subject to the clearly erroneous standard of review. An FOF is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction that a mistake has been committed. However, whether those facts fall within HRPP 48(b)'s exclusionary provisions is a question of law, the determination of which is freely reviewable pursuant to the "right/wrong" test.

State v. Samonte, 83 Hawai'i 507, 514, 928 P.2d 1, 8 (1996) (quoting State v. Hutch, 75 Haw. 307, 328-29, 861 P.2d 11, 22 (1993)).

> HRPP Rule 48(b) mandates the dismissal of criminal charges if a trial on those charges does not commence within six months, construed as one hundred eighty days, from the time of the arrest or of filing of charges, whichever is sooner. State v. Hoey, 77 Hawai'i 17, 28, 881 P.2d 504, 515 (1994). Pursuant to HRPP Rule 48(c), however, certain periods must be excluded from the computation of the six month period.

State v. Diaz, 100 Hawai'i 210, 222, 58 P.3d 1257, 1269 (2002) (quoting State v. Jackson, 81 Hawai'i 39, 50, 912 P.2d 71, 82 (1996)). Under HRPP Rule 48(c)(3), "periods that delay the commencement of trial and are caused by a continuance granted at the request or with the consent of the defendant or defendant's counsel" are excluded in computing the time for trial commencement.

In this case, 707 days had elapsed since the commencement of the case on April 17, 2014, with the filing of the Complaint and Himan's March 23, 2016 Motion to Dismiss,

---

[2] Himan also includes in his Statement of Points on Appeal in the opening brief that the time period from April 17, 2014 through May 28, 2014 and the time period from October 28, 2014 to January 8, 2015 should be designated as includable periods for purposes of HRPP Rule 48 computation. However, it appears from the record and the Order Denying Motion to Dismiss that those periods were included in computing the time for trial commencement, therefore we need not address these points of errors further.

tolling the time for computation of trial commencement for purposes of HRPP Rule 48. The family court concluded that 537 days of that time were excludable periods under HRPP Rule 48(c) and therefore, there was no violation of HRPP Rule 48 as 180 days had not elapsed.

On September 16, 2015, Himan appeared with deputy public defender Austin Hsu (Defense Counsel), who made the following representations in court:

MR. HSU:

. . . .

Your Honor, with regards to this case we're gonna be asking the bench trial be continued. . . . Mr. Himan's gonna be waiving his right to a jury, uh, waiving his right to a speedy trial to that date.

The family court continued the trial to November 25, 2015. Himan argues that this period should be included in the HRPP Rule 48 computation because the continuance was necessary due to the State's untimely filing of a Hawaii Rules of Evidence Rule 404(b) Notice of Intent to Use Evidence of Bad Acts, on September 14, 2015, two days prior to trial and its untimely delivery of discovery consisting of a two-hour long video. However, in court, Defense Counsel failed to provide any HRPP Rule 48 argument or any explanation as to how the State's untimely submissions unfairly prejudiced Himan, and instead represented that Himan was waiving his right to a speedy trial. Additionally, Defense Counsel conceded that the 70 day period was excludable in Himan's Motion to Dismiss and at the hearing on the Motion to Dimiss. The family court's continuance was granted upon Defense Counsel's request, placing this time within an excludable period pursuant to HRPP Rule 48(c)(3). State v. Diaz, 100 Hawai'i 210, 223, 58 P.3d 1257, 1270 (2002).

Himan further argues that the family court erred by failing to engage in discussions with him in court before Defense Counsel made representations that Himan agreed to waive his right to a speedy trial and therefore, Himan's waiver was not knowing, voluntary, and intelligent. Although Himan's waiver of his right to a speedy trial was conveyed by Defense Counsel to the court rather than by himself, there is nothing in the language of HRPP

3

48(c)(3) that requires consent from the defendant himself or a colloquy between the court and the defendant. See Diaz, 100 Hawai'i at 223, 58 P.3d at 1270 (waiver in the context of HRPP Rule 48 only requires consent from either the defendant or the defendant's counsel). Therefore, the family court correctly excluded the days between September 16, 2015 and November 25, 2015 for the purpose of computing the number of days elapsed under HRPP Rule 48.

Finally, Himan contends that the period of time between February 3, 2016 through March 23, 2016 should have been included in the HRPP Rule 48 calculation because both the State and Defense Counsel agreed to continue the matter and the family court gave no further explanation as to the reason for the continuance. On February 3, 2016, the family court indicated that Himan was requesting a continuance, at which time Christopher Rothfus (Mr. Rothfus), appearing on behalf of the State, consented:

> THE COURT: I understand counsel -- the defendant is seeking another continuance of the scheduled trial; is that correct?
>
> MR. HSU: That is correct, Your Honor.
>
> THE COURT: And I understand that as it turns out, the State doesn't object only on account of its difficulties in proceeding today; is that also correct?
>
> MR. ROTHFUS: That is correct.
>
> THE COURT: All right. Sir, the court is going to grant your continuance, . . .

At the hearing on the Motion to Dismiss, the State asserted that although it did not object to the continuance, there is nothing in the record to suggest that it was requesting a continuance and rather the State was prepared to proceed with trial. After review of the record, and for the reasons stated above, because the continuance was granted upon the request of Defense Counsel, this period was excludable pursuant to HRPP Rule 48(c)(3). See Diaz, 100 Hawai'i at 223, 58 P.3d at 1270. Therefore, the family court correctly excluded the days between February 3, 2016 through March 23, 2016 for the purpose of HRPP Rule 48 computation.

However, the Hawai'i Supreme Court has recently

4

clarified the application of HRPP Rule 48 in regards to a Defendant's initial appearance and a district court's continuation to allow the Defendant to obtain counsel or a public defender:

> When the district court initially sets a misdemeanor case for waiver/demand hearing or continues arraignment for a waiver or demand of jury trial, this time period is not excludable from HRPP Rule 48 calculation under either subsection (c)(1) or (c)(8).

State v. Choy Foo, 142 Hawai'i 65, 77 414 P.3d 117, 129 (2018).[3] In Choy Foo, the supreme court overruled this court's holding that such periods of delay are excludable under HRPP Rule 48(c)(8)[4] for good cause because the district court cannot anticipate whether a defendant will have counsel or will need counsel appointed for them until his or her first appearance in court. Id. at 76, 77 P.3d at 128. The supreme court explained:

> Although the district court faces uncertainty with respect to individual defendants, it is "reasonably foreseeable" that many defendants will make their initial appearance in district court without an attorney. The district court can also foresee that indigent defendants will not already be represented by a private attorney, and cannot be represented by a public defender at their initial appearance: it is the district court itself that issues a referral to the public defender's office.
> . . . [T]he fact that [the defendant] appeared without counsel at his first appearance was not unanticipated or reasonably unforeseeable, and therefore does not constitute "good cause" within the meaning of HRPP 48(c)(8).

Id.

Here, Himan made his initial appearance on May 28, 2014, where he was first provided with a copy of the complaint and was referred to the Office of the Public Defender. The case was continued to July 23, 2014, for further arraignment and plea, to allow Himan time to obtain counsel. In denying Himan's Motion to Dismiss, the family court concluded, *inter alia*, that "[t]he period of time between May 28, 2014 and July 23, 2014, a total of 56 days, is excluded in computing the time for trial commencement

---

[3]  State v. Choy Foo, 142 Hawai'i 65, 414 P.3d 117 (2018) was decided by the Supreme Court of Hawai'i on March 16, 2018.

[4]  HRPP 48(c)(8) provides:
> (c) *Excluded periods.* The following periods shall be excluded in computing the time for trial commencement:
> . . . .
> (8) other periods of delay for good cause.

as a result of the Defendant not being represented and seeking counsel pursuant to HRPP Rule 48(c)(8)." Although Himan did not dispute this particular period of time, Himan did file an HRPP Rule 48 motion and, in light of the recent supreme court holding in Choy Foo, we conclude that the family court erred in excluding this 56 day period pursuant to HRPP Rule 48(c)(8). As such, with the inclusion of the 56 day period, more than 180 days had elapsed under rule HRPP Rule 48 and therefore, the family court erred in denying Himan's Motion to dismiss.

Based on the foregoing, we remand the case to the family court for a determination of whether to dismiss the case with or without prejudice, applying the factors as set forth in State v. Estencion, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981).[5]

Therefore, IT IS HEREBY ORDERED that the July 19, 2016, "Judgment Guilty Conviction and Sentence" and the "Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion to Dismiss for Violation of HRPP Rule 48, and for Unconstitutional Violation of Speedy Trial Rights" entered on July 27, 2016, by the Family Court of the Third Circuit are both vacated and remanded for proceedings consistent with this order.

DATED: Honolulu, Hawaiʻi, June 7, 2018.

On the briefs:

Ivan L. Van Leer,
for Defendant-Appellant.

Presiding Judge

Leneigha S. Downs,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

Associate Judge

---

[5] In determining whether to dismiss a charge with or without prejudice under HRPP Rule 48(b), the factors the court must consider include, but are not limited to: "the seriousness of the offense; the facts of the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." Estencion, 63 Haw. at 269, 625 P.2d at 1044 (citation omitted).